UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN, E88100,<br><br>Petitioner,<br><br>v.<br><br>MARY MARKEY, et al.,<br><br>Respondents. | Case No. 18-cv-07189-CRB (PR)<br><br>**ORDER OF DISMISSAL** |

Petitioner, a prisoner at San Quentin State Prison (SQSP), has filed a pro se petition for a writ of mandamus compelling the Department of Veteran Affairs (VA) to commence paying him service-related disability benefits he claims are owed him since they were reinstated in July 2010. Petitioner also alleges that his inquiries to the VA Oakland Regional Office have gone unanswered for over nine months.

It is well-established in this circuit that a district court does not have jurisdiction over claims that would require it to review a question of fact or law relating to or affecting veterans' benefits decisions. Veterans for Common Sense v. Shinseki, 678 F.3d 1013, 1022-25 (9th Cir. 2012) (en banc) ("First, Congress has expressly disqualified us from hearing cases related to VA benefits in [38 U.S.C.] § 511a . . . and second, Congress has conferred exclusive jurisdiction over such claims to the [Court of Appeals for Veterans Claims] and the Federal Circuit." (citations omitted)). Stated another way, if reviewing petitioner's claim "would require review of the circumstances of individual benefits requests, jurisdiction is lacking." Recinto v. U.S. Dep't of Veterans Affairs, 706 F.3d 1171, 1175 (9th Cir. 2013) (citing Veterans for Common Sense, 678 F.3d at 1034)). Under the rationale of Veterans for Common Sense, this court is without jurisdiction over petitioner's claim to have VA commence paying him service-related disability benefits. See id. at 1175-76 (district court must avoid consideration of individual cases).

Petitioner arguably may have a mandamus claim for unreasonable delay based on his allegations that his inquiries to the VA Oakland Regional Office have gone unanswered for over nine months. But his recent submission to the court makes clear that on January 3, 2019 the VA Oakland Regional Office informed him that they "are actively working to resolve this matter" and will provide him an update by January 23, 2018. ECF No. 5 at 4. That petitioner had not received an update as of February 4, 2019 does not amount to a lengthy-enough delay to implicate the extraordinary relief of a writ of mandamus. Cf. In re A Community Voice, 878 F.3d 779, 786-88 (9th Cir. 2017) (granting petition for writ of mandamus based on EPA's refusal to take any action on rulemaking petition it had granted eight years earlier).

For the foregoing reasons, the petition for a writ of mandamus is DISMISSED.

**IT IS SO ORDERED**.

Dated: February 13, 2019

_____
CHARLES R. BREYER
United States District Judge